UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CINDY LOU WILSON,

    Plaintiff,

v.                                               Case No. 8:23-cv-1963-CPT

DBNCH CIRCLE, LLC,

    Defendant.
_____/

**O R D E R**

Before the Court is Plaintiff Cindy Lou Wilson's *Motion for Voluntary Dismissal Without Prejudice Pursuant to Federal Rule of Civil Procedure 41(a)(2)*. (Doc. 63). Defendant DBNCH Circle, LLC (DNBCH) does not oppose Wilson's motion but wishes to reserve its "right to file a motion to tax costs should . . . [Wilson] refile this lawsuit against [it]." (Doc. 67).

By its terms, Rule 41(a)(2) authorizes a district court to dismiss an action "at [a] plaintiff's request" and "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). A district court's task in evaluating a Rule 41(a)(2) motion "is to 'weigh the relevant equities and do justice between the parties.'" *Goodwin v. Reynolds*, 757 F.3d 1216, 1219 (11th Cir. 2014) (quoting *McCants v. Ford Motor Co.*, 781 F.2d 855, 857 (11th Cir. 1986)). This includes imposing such costs and attaching such conditions to the

dismissal as are deemed appropriate. *Arias v. Cameron*, 776 F.3d 1262, 1269 (11th Cir. 2015); *McCants*, 781 F.2d at 857.

That said, a motion for a voluntary dismissal under Rule 41(a)(2) should generally "be granted unless [a] defendant will suffer clear legal prejudice other than the mere prospect of a second lawsuit." *Arias*, 776 F.3d at 1268; *see also Goodwin*, 757 F.3d at 1219 (noting that a voluntary "[d]ismissal may be inappropriate . . . if it would cause [a] defendant to lose a substantial right") (internal quotation marks and citation omitted). The determination as to whether a defendant will be subject to such harm depends upon a number of factors, including "the defendant's effort and expense . . . [in] prepar[ing] for trial," whether there has been an "excessive delay and lack of diligence [by the plaintiff] . . . in prosecuting the action," whether the plaintiff has offered an "insufficient explanation for . . . [the sought-after] dismissal," and whether the defendant has filed a motion for summary judgment. *Pezold Air Charters v. Phx. Corp.*, 192 F.R.D. 721, 728 (M.D. Fla. 2000). Another pertinent consideration is whether the plaintiff's counsel has acted in bad faith. *Goodwin*, 757 F.3d at 1219 (citation omitted). Importantly, however, it is not a "bar to a voluntary dismissal that the plaintiff may obtain some tactical advantage over the defendant in future litigation." *Id*. (citation omitted). In the end, a district court is vested with "broad discretion" in deciding whether to allow a voluntary dismissal pursuant to Rule 41(a)(2) and under what terms. *Arias*, 776 F.3d at 1268; *McCants*, 781 F.2d at 857.

Here, Wilson seeks to dismiss this case and then to refile it with a new defendant, Circle K Stores, Inc. (Circle K), added to her complaint because she cannot

otherwise bring Circle K in as a party to the action at this juncture. (Doc. 63 at 2). Wilson argues that DBNCH will not be prejudiced by the requested dismissal because DBNCH has been aware of her "intent to include Circle K[ ] in th[e] litigation," "has not been put to considerable expense, has not filed [any] substantive motions, and has not conducted significant discovery." *Id.* at 2, 4. DBNCH does not argue to the contrary. *See* (Doc. 67).

After careful review, the Court finds that Wilson's motion to dismiss is adequately supported. Although this lawsuit has been pending for some time, there is no indication that DBNCH has expended substantial resources to this point to get ready for trial or that Wilson has dragged her feet in prosecuting the matter. Nor has DBNCH filed a motion for summary judgment. In short, a dismissal of the case is not adverse to DBNCH's interests and, indeed, as noted above, DBNCH consents to this relief. *See Glob. Aerospace, Inc. v. Platinum Jet Mgmt.*, 2011 WL 1342993, at *2 (S.D. Fla. Apr. 6, 2011) (dismissing the plaintiff's claims against one defendant without prejudice where that defendant did not contest the dismissal); *see also City of Jacksonville, Neighborhood Code Enf't Div. v. Jacksonville Hosp. Holdings L.P.*, 2024 WL 2186089, at *2 (11th Cir. May 15, 2024) ("'The crucial question to be determined is, [w]ould the defendant lose any substantial right by the dismissal.'") (quoting *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir. 1967)[1]). The fact that Wilson plans to refile

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

the action to add another defendant does not undermine this analysis. *See generally Huff v. M/V CELERINA*, 2009 WL 3676667, at *1–2 (S.D. Ala. Nov. 2, 2009) (granting a Rule 41(a)(2) motion to dismiss even though the plaintiff sought to refile her lawsuit in state court with a new defendant added to her complaint); *Cutler v. La Crepe Rest./Chefs Int'l, Inc.*, 2004 WL 451855, at *1 (S.D. Fla. Feb. 18, 2004) (finding the possibility that the plaintiff might refile her complaint in state court with a non-diverse defendant added to her complaint did not constitute a sufficient basis for denying a Rule 41(a)(2) dismissal motion).

In light of all the above, Wilson's motion to dismiss (Doc. 63) is granted, and the case is dismissed without prejudice. Nothing in this Order shall be construed as addressing the matter of taxation of costs. Given the circumstances presented, that issue is best decided in any subsequent action. *See Sargeant v. Hall*, 951 F.3d 1280, 1283 (11th Cir. 2020); *Guinigundo v. SunTrust Banks, Inc.*, 2021 WL 1602163, at *4 (M.D. Fla. Apr. 1, 2021), *report and recommendation adopted*, 2021 WL 1599185 (M.D. Fla. Apr. 23, 2021).

SO ORDERED in Tampa, Florida, this 6th day of May 2025.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record